UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHNNY CHIBUEZE IROAKAZI,                    :
                      Plaintiff,          :
                                 :          **MEMORANDUM OPINION**
v.                                           :          **AND ORDER**
                                 :
KILOLO KIJAKAZI,[1] Acting Commissioner of  :          18 CV 8193 (VB)
Social Security,                             :
                   Defendant.          :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of

defendant the Acting Commissioner of Social Security (the "Commissioner") to deny plaintiff's

application for social security disability benefits under the Social Security Act.

       Now pending is plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C.

§ 406(b).  (Doc. #28).

       For the reasons set forth below, the motion is GRANTED.  Plaintiff's counsel, Eddy

Pierre Pierre, Esq. ("Counsel"), is awarded attorney's fees in the amount of $10,872.26.

       The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

       The Court presumes the parties' familiarity with the factual and procedural background

of this case, and recites only those facts relevant to the instant motion.

## BACKGROUND

       Plaintiff retained Counsel to represent him before this Court regarding plaintiff's appeal

of the Commissioner's final determination denying plaintiff's request for disability benefits.

---

[1]      Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi is substituted as the defendant in this
case.

Plaintiff and Counsel entered into an agreement entitled "U.S. District Court Retainer Agreement and Assignment," dated September 7, 2018.  (Doc. #30-1 (the "Retainer Agreement")).  The Retainer Agreement provides that Counsel may request up to twenty-five percent of the past-due benefits awarded to plaintiff if:  (i) his appeal is successful and the district court awards plaintiff past-due benefits, or (ii) upon remand to the Social Security Administration ("SSA"), plaintiff is awarded past-due benefits.  (Id. at 1).[2]  If, however, the appeal was not successful, the Retainer Agreement provides "there will be no further charge" for Counsel's services.  (Id.)

On September 7, 2018, plaintiff commenced this action.  The Commissioner filed the Certified Administrative Record on January 3, 2019.

On March 21, 2019, plaintiff moved for judgment on the pleadings.  (Doc. #14). Plaintiff's motion was accompanied by a twenty-page memorandum of law prepared by Counsel, in which Counsel summarized the pertinent facts from the record and argued the administrative law judge had failed to follow the so-called "treating physician rule."  (Doc. #15).

On May 20, 2019, the Commissioner cross-moved for judgment on the pleadings.  (Doc. #18).  Counsel filed a response to the Commissioner's cross-motion on June 6, 2019.  (Doc. #20).

On May 10, 2021, Judge Krause issued an Order directing the parties to meet and confer and for plaintiff to submit a letter regarding whether this case should be remanded for a new hearing before a constitutionally appointed administrative law judge in light of the Supreme Court's decision in Carr v. Saul, 593 U.S. 83 (2021).  (Doc. #21).

---

[2]      In the Retainer Agreement, plaintiff also transferred and assigned his "rights and interests in any and all Equal Access to Justice Act ("EAJA") fees . . . to the law firm in consideration of their services in representing [him] in federal court."  (Retainer Agreement at 1).

On June 1, 2021, Counsel filed a joint letter on behalf of both parties in response to Judge Krause's May 10, 2021, Order, stating plaintiff declined to request remand, plaintiff elected to have the matter decided on the merits, and the Commissioner did not object to plaintiff's position.  (Doc. #22).

On February 4, 2022, Judge Krause issued a report and recommendation recommending that this Court grant plaintiff's motion for judgment on the pleadings, deny the Commissioner's cross-motion, enter judgment in favor of plaintiff, and remand this case to the SSA for further proceedings.  (Doc. #23).

On February 24, 2022, this Court issued an Order adopting the report and recommendation as the opinion of the Court.  (Doc. #24).

On May 24, 2022, the Court so-ordered a stipulation submitted by the parties that awarded plaintiff attorney's fees in the amount of $7,517.88 pursuant to EAJA.  (Doc. #27).

On July 19, 2023, an administrative law judge issued a decision finding plaintiff disabled. (Doc. #30 ¶ 10).

On September 8, 2023, the SSA issued a Notice of Award awarding plaintiff past-due benefits in the amount of $43,489.04 and a current monthly payment of $609.34 beginning October 2023.  (Doc. #30-3 at 2).

On November 6, 2023, Counsel moved for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $10,872.26, representing twenty-five percent of plaintiff's past-due benefits award.  (Doc. #28).

On November 16, 2023, the Commissioner filed a response to Counsel's motion that the Commissioner "neither supports nor opposes counsel's request for attorney's fees."  (Doc. #31 at 1).

**DISCUSSION**

I.    <u>Legal Standard</u>

Section 406(b) authorizes a court to "determine and allow as part of its judgment a reasonable fee" to an attorney who represented a social security claimant before the court.  42 U.S.C. § 406(b)(1)(A).  This fee award shall not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  <u>Id</u>.

This twenty-five percent cap "applies only to fees for representation before the court," which are not aggregated with any fees the lawyer may be awarded for representation before the SSA.  <u>Culbertson v. Berryhill</u>, 139 S. Ct. 517, 522 (2019).  Section 406(b) allows the SSA to "withhold past-due benefits to pay these fees."  <u>Id</u>. at 520.

Even when a contingent fee is set at or below twenty-five percent of the claimant's past-due benefits, the Court must ensure the resulting fees are reasonable.  <u>Fields v. Kijakazi</u>, 24 F.4th 845, 849 (2d Cir. 2022).  To determine the reasonableness of a fee sought pursuant to Section 406(b), courts consider:  "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement."  <u>Id</u>.

The court must also consider "whether a requested fee would result in a 'windfall' to counsel," meaning the fee "is unearned by counsel."  <u>Fields v. Kijakazi</u>, 24 F.4th at 849.  This requires consideration of "the de facto hourly rate," but also "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do."  <u>Id</u>. at 854.  Courts also consider "the nature and length of the professional relationship with the claimant," "the satisfaction of the disabled claimant," and "how uncertain it was that the case would result

in an award of benefits and the effort it took to achieve that result." Id. at 855.  Considering

these factors, "even a relatively high hourly rate may be perfectly reasonable, and not a windfall,

in the context of any given case." Id. at 854.

A motion for attorney's fees pursuant to Section 406(b) must be filed within fourteen

days of when counsel receives notice of the benefits award.  Sinkler v. Berryhill, 932 F.3d 83,

87–88 (2d Cir 2019); see also Fed. R. Civ. P. 54(d)(2)(B).  However, "district courts are

empowered to enlarge that filing period where circumstances warrant."  Sinkler v. Berryhill, 932

F.3d at 89.

"Under EAJA, a party prevailing against the United States in court, including a

successful Social Security benefits claimant, may be awarded fees payable by the United States

if the Government's position in the litigation was not 'substantially justified.'" Gisbrecht v.

Barnhart, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. § 2412(d)(1)(A)).  While "[f]ee awards

may be made under both [EAJA and Section 406(b)], . . . the claimant's attorney must refund to

the claimant the amount of the smaller fee,  up to the point the claimant receives 100 percent of

the past-due benefits."  Id.

II.   Timeliness

Counsel argues he has shown good cause for his delay in filing this motion, which was

filed forty-four days late, because plaintiff's Notice of Award did not state the amount of money

withheld for attorney's fees and Counsel unsuccessfully sought an additional notice specifically

stating the amount withheld for attorney's fees.

The Court disagrees Counsel's explanation demonstrates good cause for the delay, but

nonetheless determines, in its discretion, to consider the motion notwithstanding its untimeliness.

5

In the Second Circuit, Section 406(b) applications for attorney's fees are subject to the fourteen-day filing deadline in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure "because parties . . . must await the Commissioner's award of benefits on remand" to determine what amount represents twenty-five percent of past-due benefits.  Sinkler v. Berryhill, 932 F.3d at 88.  Accordingly, an attorney representing a successful claimant "cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award."  Id.

Here, plaintiff's Notice of Award was issued on September 8, 2023, and set forth the amount of past-due benefits awarded to plaintiff.  (See Doc. #30-3).  Although it does not state the amount withheld for attorney's fees, that information was not necessary for Counsel to move for attorney's fees pursuant to Section 406(b).  That is because, pursuant to Section 406(b), Counsel may move for an award of fees in an amount representing up to twenty-five percent of the past-due benefits awarded, regardless of the amount withheld for attorney's fees.  See, e.g., Dobson v. Comm'r of Soc. Sec., 2013 WL 6198185, at *4 (E.D. Cal. Nov. 27, 2013) ("[T]he amount of fees that may be awarded to plaintiff's counsel [under Section 406(b)] and the amount that the Commissioner withholds and pays directly to plaintiff's counsel are two independent calculations.").  Even "if the amount of past-due benefits withheld [by the SSA] is insufficient to cover all fees awarded," Counsel could "recover the difference from the claimant."  Id.

Nevertheless, Counsel's delay here was relatively short and did not prejudice plaintiff.  See Davis v. Kijakazi, 2023 WL 2710403, at *6 (E.D.N.Y. Mar. 30, 2023) (considering untimely Section 406(b) motion for attorney's fees because "the delay did not greatly prejudice plaintiff" when the motion was filed "a few months at most" late).

Accordingly, the Court, in its discretion, will consider the motion notwithstanding its untimeliness.

III.    Reasonableness

Counsel seeks attorney's fees in the amount of $10,872.26, which represents twenty-five percent of plaintiff's past-due benefits award.

The requested fees comply with the statutory cap in Section 406(b) and are reasonable, satisfying the considerations laid out in Fields v. Kijakazi.  24 F.4th at 852.

First, Counsel's work in this case was competent and achieved a favorable result for his client.  Counsel spent 41.49 hours working on this case, representing a de facto hourly rate of $262.04.  He reviewed the 497-page administrative record (see Docs. ##13, 13-1), filed a motion for judgment on the pleadings that persuasively argued plaintiff should not have been denied benefits, responded to the Commissioner's motion, and complied with Judge Krause's May 10, 2021, Order, among other tasks.  (See Doc. #30-2 (time records)).  This expenditure of time, when considered alongside the work performed and the result achieved, demonstrates Counsel efficaciously represented plaintiff.  See, e.g., Daniels v. Comm'r of Soc. Sec., 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022) (awarding Section 406(b) attorney's fees of $14,291.13 for 42.3 hours of attorney work when the attorney's "briefing identified all of the most important infirmities with the SSA's denial of benefits, and received a favorable decision from this Court and from the SSA on remand").

Second, Counsel did not cause any unreasonable delays.  Except for the deadline to file the instant motion for attorney's fees, Counsel met all deadlines in this action.  And although this motion is forty-four days late, as discussed above, this brief delay has not caused plaintiff any prejudice.  See, e.g., Thomassian v. Kijakazi, 2023 WL 4707826, at *2 (E.D.N.Y. July 24, 2023)

(finding no unreasonable delay by counsel seeking fees pursuant to Section 406(b) when counsel requested two extensions of time to file motion papers "delaying the proceedings by 39 days").

Third, there is no evidence of fraud or overreaching.  See Avila v. Comm'r of Soc. Sec., 2023 WL 6035648, at *3 (S.D.N.Y. Sept. 15, 2023) (finding the "absence of evidence of fraud or overreach is sufficient to satisfy this threshold inquiry").

And finally, considering the relevant factors, the award does not represent a windfall for Counsel.  Counsel has almost exclusively practiced social security disability law for over twenty years.  He achieved a favorable result for his client before this Court that was upheld in further proceedings before the SSA.  Although 41.49 hours of attorney work may be near "the higher end" of the usual hourly range for attorney work in "relatively straight forward social security appeals," Counsel "was not retained until after the conclusion of the administrative process" and was "thus necessarily less efficient at briefing the issues before this Court."  Daniels v. Comm'r of Soc. Sec., 2022 WL 2918236, at *3.  Moreover, the de facto hourly rate of $262.04 is on the lower end of hourly rates determined to be reasonable by courts in this District.  See id. (noting the requested $337.85 per hour was a "relatively low de facto hourly rate"); see also Avila v. Comm'r of Soc. Sec., 2023 WL 6035648, at *3 (noting "awards that would constitute hourly rates of over a thousand dollars have been found to be reasonable").

In addition, the Court presumes plaintiff is satisfied with Counsel's work, given that Counsel met all applicable deadlines and achieved a favorable result.  See Davis v. Kijakazi, 2023 WL 2710403, at *7 (presuming the claimant would be satisfied with his attorney's representation because counsel "obtained a favorable result in a timely manner—a result that should satisfy most reasonable clients" and "the record contains no indication that plaintiff, who has a direct financial stake in the fee determination, objects to the fee award").

The Court also considers that the outcome of this case was uncertain at the time Counsel undertook representation.  Initially, the Commissioner denied plaintiff's request for SSI benefits and cross-moved for judgment on the pleadings before this Court.  Accordingly, this was not a case in which the lawyer "succeed[ed] immediately and with minimal effort, suggesting very little risk of nonrecovery" and an "unearned advantage."  Fields v. Kijakazi, 24 F.4th at 856.

Accordingly, the Court concludes $10,872.26 constitutes a reasonable fee for Counsel's representation of plaintiff before this Court.

## CONCLUSION

The motion for attorney's fees is GRANTED.

Counsel is awarded $10,872.26 in attorney's fees pursuant to 42 U.S.C. § 406(b).  Upon his receipt of said fees, Counsel must promptly refund to plaintiff $7,517.88 in attorney's fees that Counsel previously received pursuant to EAJA.

The Clerk is instructed to terminate the motion.  (Doc. #28).

Dated:  December 21, 2023
        White Plains, NY

                          SO ORDERED:

                          _____
                          Vincent L. Briccetti
                          United States District Judge

9